## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI CORCORAN,                                       Civil Action No. 3:20-cv-227

    Plaintiff,

v.

TREASURE LAKE PROPERTY OWNERS
ASSOCIATION, INC.; OMNI
MANAGEMENT SERVICES

    Defendants,

### JURY TRIAL DEMANDED

### COMPLAINT

AND NOW, comes Plaintiff, Lori Corcoran, by and through her attorneys, Zimmer Kunz, PLLC, and files the within Complaint, and in support thereof, avers as follows:

### I.  Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1331; 28 U.S.C. §§ 1331 and 1343(a)(4); 29 U.S.C. §2617(a)(2) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II.  Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Clearfield County.

### III. Administrative Exhaustion

3. Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq.* in that:

   a. On or about June 26, 2019, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination, religious discrimination and retaliation, which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC).

   b. Plaintiff received a Dismissal and Notice of Rights dated August 13, 2020 as to OMNI and September 20, 2020 as to Treasure Lake.

   c. This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

### IV. Parties

4. Plaintiff, Lori Corcoran, is an individual who resides in Clearfield County, Pennsylvania.

5. Defendant, Treasure Lake Property Owners Association, Inc. has its business office located at 13 Treasure Lake, Dubois, Pennsylvania 15801.

6. Defendant, OMNI Management Services, has its business office located at 212 W. 10th Street, Suite B300, Indianapolis, IN 46202.

7. At all times relevant hereto, Defendants were an "employer" within the meaning of 42 U.S.C. § 2000e(b), in that it is an employer engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

8. At all times relevant hereto, Defendants were acting as Joint Employers with each other.

9. At all times relevant hereto, Defendants acted or failed to act by and through their duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### V. Factual Background

10. Plaintiff began her employment with the Treasure Lake Property Owners Association, Inc. in or around 2012 as the Director of Recreation and Events.

11. Plaintiff is a Caucasian female who is 58 years of age who was born on October 15, 1962.

12. Garrett Pollock, a male who is approximately in his early 30s, worked for Treasure Lake Property Owners Association, Inc. as the Assistant to the Director of Recreation and Events beginning in approximately May of 2016.

13. In Ms. Corcoran's position as the Director of Recreation and Events, her job duties included, but were not limited to, supervision, oversight and scheduling of the life guards, pools, beaches, the snack shack and marina at Treasure Lake. In addition, Ms. Corcoran was responsible for organizing the activities conducted throughout Treasure Lake.

14. Ms. Corcoran received annual Managerial Performance Evaluations in which she received excellent reviews as recently as December 13, 2018.

15. In or about December of 2018, the acting General Manager of Treasure Lake Property Owners Association, Shirley Elmore, quit her position.

16. Thereafter, representatives of OMNI Management Services were acting a joint employer with Treasure Lake Property Owners Association as it was performing the general manager job duties after Ms. Elmore quit her job as the general manager.

17. OMNI was responsible for the day-to-day management of activities of Treasure Lake including but not limited to supervisions of Treasure Lake's employees and participated in decisions relate to Treasure Lake employees.

18. Furthermore, in February of 2019, Tim Loher, President of OMNI Management Services, conducted a meeting with Treasure Lake Property Owners Association employees to discuss how the Treasure Lake Property Owners Association can operate more efficiently and to discuss any concerns these employees may have with the management of the Treasure Lake Property Owners Association.

19. After Ms. Elmore quit her job as general manager, Ms. Corcoran applied for the general manager position with the Treasure Lake Property Owners Association.

20. Defendant Treasure Lake conducted the interviews of the applicants for the general manger position for Treasure Lake Property Owners Association.

21. Despite being qualified, Ms. Corcoran was not hired as the new general manager of Treasure Lake Property Owners Association. Instead, a sufficiently younger male (Ed Clark) was hired as the new general manager.

22. On or about February 27, 2019, Ms. Corcoran was verbally terminated by Tim Loher of OMNI Management Services and advised that her job duties and her position were being eliminated and therefore her employment was going to be terminated effective immediately. Thereafter, Ms. Corcoran was advised in writing by Ed Clark, the general manager of Treasure Lake Property Owners Association, Inc. that she was being terminated.

23. After Ms. Corcoran's termination, Mr. Pollock, the Assistant to Ms. Corcoran, was promoted to the position of Director of Recreation, performing the same job duties as Ms. Corcoran had performed during the course of her employment.

24. The hiring/promotion of Mr. Pollock to replace Ms. Corcoran was discriminatory as Mr. Pollock is a male who is sufficiently younger than Ms. Corcoran.

25. In addition, as recently as April of 2019, Treasure Lake Property Owners Association, Inc. was accepting applications to fill the position of a full-time seasonal recreation assistant who would be working directly with the Director of Recreation. This is the position that was previously filled by Mr. Pollock.

26. Ms. Corcoran believes, and therefore avers that she was discriminated against as she is over the age of 40, she is otherwise qualified to perform the essential functions of her job, she was discharged from her employment with Treasure Lake Property Owners Association and OMNI (Joint Employers) despite being qualified and was replaced by a younger male all in violation of the Title VII of the Civil Rights Act of 1964 (as amended). Thus, Defendants have also violated the Age Discrimination in Employment Act. 29 U.S.C. § 621 et seq. and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

**Count I**
**Title VII – Sex Discrimination**

26. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 25, as if fully restated herein.

27. Pursuant to 42 U.S.C. § 2000e-2(a), it shall be an unlawful employment practice for an employer —

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect

his status as an employee, because of such individual's race, color, religion, sex, or national origin.

28. At all times relevant to this matter, the Joint Employer Defendants employed in excess of the statutory minimum fifteen persons for purposes of jurisdiction under Title VII and are subject to Title VII otherwise.

29. Defendants, by and through their agents, officers, servants, and/or employees as Joint Employers, discriminated against Plaintiff by engaging in unlawful and disparate treatment of the Plaintiff on the basis of her sex/gender.

30. The discriminatory actions of Defendants were undertaken intentionally, deliberately, wantonly, maliciously, and/or with reckless disregard of Plaintiff's rights.

31. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of position, loss of employment benefits, earnings, and earnings potential, and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

32. Plaintiff prays that Defendants be required to provide all appropriate remedies available under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, including, but not limited to, interest, costs, attorneys' fees and other professional fees, punitive damages, and other such relief as the Honorable Court deems just and proper, further including, but not limited to:

  (a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

  (b) Punitive, compensatory and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for thier intentional, negligent, willful, wanton and/or malicious conduct

  (c) Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

(d) Pre-judgment interest in an appropriate amount; and

(e) Such other and further relief as is just and equitable under the circumstances, including reinstatement if necessary.

WHEREFORE, Plaintiff, Lori Corcoran, respectfully requests judgment in her favor and against Defendants.

## Count II
## PHRA

36. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 35, as if fully restated herein.

37. Pursuant to the Pennsylvania Human Relations Act ("PHRA"), Joint Defendants are an "employer", as they employ more than four (4) employees.

38. Pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, it is unlawful for an employer to discriminate against any employee by reason of their race, color, religious creed, ancestry, non-job related handicap or disability, age, sex or national origin.

39. Through their underlying actions which form the basis for this Complaint, as detailed more fully above, Defendants, by and through their agents, officers, servants, representatives and/or employees, have violated the Pennsylvania Human Relations Act.

40. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment position, loss of employment benefits, earnings and earnings potential, and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

41. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the Pennsylvania Human Relations act, 43 P.S. § 951, *et seq*, including, but not limited to, interest, costs, attorneys' fees and other professional fees, punitive damages and other

such relief as the Pennsylvania Human Relations Commission deems just and proper, further including, but not limited to:

>  (a)   Back wages, front pay, loss of seniority and benefits, in an amount to be determined;
>
>  (b)   Punitive, compensatory and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;
>
>  (c)   Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;
>
>  (d)   Pre-judgment interest in an appropriate amount; and
>
>  (e)   Such other and further relief as is just and equitable under the circumstances, including reinstatement if necessary.

WHEREFORE, Plaintiff, Lori Corcoran, respectfully requests judgment in her favor and against Defendants.

### Count III
### Age Discrimination Under ADEA

42.   Plaintiff incorporates by reference the allegations in Paragraphs 1 to 41, as if fully restated herein.

43.   Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., ("ADEA"), it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age, or to limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. 29 U.S.C. § 623.

44. At all times relevant to this matter, Joint Employer Defendants employed a number of individuals exceeding the statutory minimum twenty (20) persons for purposes of jurisdiction under the ADEA.

45. Based on the foregoing, Defendants, by and through their agents, officers, servants and/or employees, has discriminated against Plaintiff on the basis of age in that Defendants, though otherwise qualified for her position as the Director of Events and Recreation, was subject to discrimination when Plaintiff was terminated even though she was qualified to perform her duties, and her replacement was sufficiently younger than the Plaintiff. This was clearly discriminatory and in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

46. The discriminatory actions of the Joint Employer Defendants were undertaken intentionally, deliberately, wantonly, maliciously and/or with reckless disregard of Plaintiff's rights.

47. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits, earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

48. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the ADEA, including, but not limited to interest, costs, attorneys' fees and other professional fees, punitive damages and other such relief as the Honorable Court deems just and proper, further including, but not limited to:

    (a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

    (b) Liquidated damages in an amount to be determined;

(c)     Compensatory damages including future pecuniary losses, emotional pain and suffering, loss of enjoyment of life and other non-pecuniary losses in an amount to be determined;

(d)     Punitive and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;

(e)     Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

(f)     Pre-judgment interest in an appropriate amount; and

(g)     Such other and further relief as is just and equitable under the circumstances, including injunctive relief as against further discriminatory practices, and reinstatement if necessary.

WHEREFORE, Plaintiff, Lori Corcoran, respectfully requests judgment in her favor and against Defendants

### Count IV
### Failure to Promote Under PHRA

49.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 48, as if fully restated herein.

50.     Pursuant to the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, et. seq., it is unlawful for an employer of four or more individuals to discriminate against any employee by reason of their race, color, religious creed, ancestry, non-job related handicap or disability, age, sex or national origin

51.     Through their underlying actions which form the basis for this Complaint, as detailed more fully above, by and through their agents, officers, servants and/or employees, Defendants have violated the Pennsylvania Human Relations Act. 43 P.S. § 951, et seq.

52.     As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits,

earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation

## Count V
## Failure to Promote Under ADEA

53. Plaintiff incorporates by reference the allegations in paragraphs 1 through 52, as if fully restated herein.

54. Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., ("ADEA"), it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age, or to limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. 29 U.S.C. § 623.

55. Based on the foregoing, Defendants, by and through their agents, officers, servants and/or employees, has discriminated against Plaintiff on the basis of age in that Defendants, though otherwise qualified for her position as the Director of Events and Recreation, was subject to discrimination when Plaintiff was terminated even though she was qualified to perform her duties, and her replacement was sufficiently younger than the Plaintiff. These actions were discriminatory and in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

56. The discriminatory actions of Defendants were undertaken intentionally, deliberately, wantonly, maliciously and/or with reckless disregard of Plaintiff's rights.

57. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits,

earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

58. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the ADEA, including, but not limited to interest, costs, attorneys' fees and other professional fees, punitive damages and other such relief as the Honorable Court deems just and proper, further including, but not limited to:

(a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

(b) Liquidated damages in an amount to be determined;

(c) Compensatory damages including future pecuniary losses, emotional pain and suffering, loss of enjoyment of life and other non-pecuniary losses in an amount to be determined;

(d) Punitive and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;

(e) Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

(f) Pre-judgment interest in an appropriate amount; and

(g) Such other and further relief as is just and equitable under the circumstances, including injunctive relief as against further discriminatory practices, and reinstatement if necessary.

WHEREFORE, Plaintiff, Lori Corcoran, respectfully requests judgment in her favor and against Defendants.

## Count VI
### Failure to Promote Under Title VII and the Civil Rights Act of 1991

59. Plaintiff incorporates by reference the allegations in paragraphs 1 through 58, as if fully restated herein.

60. Pursuant to 42 U.S.C. § 2000e-2(a), it shall be an unlawful employment practice for an employer—

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

61. Defendants, by and through their agents, officers, servants, and/or employees discriminated against Plaintiff by engaging in unlawful and disparate treatment of the Plaintiff on the basis of her sex/gender.

62. The discriminatory actions of Defendants were undertaken intentionally, deliberately, wantonly, maliciously, and/or with reckless disregard of Plaintiff's rights.

63. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of position, loss of employment benefits, earnings, and earnings potential, and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

64. Plaintiff prays that Defendants be required to provide all appropriate remedies available under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, including, but not limited to, interest, costs, attorneys' fees and other professional fees, punitive damages, and other such relief as this Honorable Court deems just and proper, further including, but not limited to:

(a)  Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

(b)  Punitive, compensatory and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct

(c)  Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

(d)  Pre-judgment interest in an appropriate amount; and

(e)  Such other and further relief as is just and equitable under the circumstances, including reinstatement if necessary.

WHEREFORE, Plaintiff, Lori Corcoran, respectfully requests judgment in her favor and against Defendants.

        Respectfully submitted,

        Zimmer Kunz, PLLC

By:   */s/ Joni M. Mangino*
      Joni M. Mangino, Esquire
      Pa. I.D. #43586
      */s/Gregory C. Scheuring*
      Gregory C. Scheuring, Jr., Esquire
      Pa. I.D. #90043
      310 Grant Street, Suite 3000
      The Grant Building
      Pittsburgh, PA 15219
      (412) 281 – 8000
      Attorney for Plaintiff, Lori Corcoran